WO                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Gonzales, Jr., | No. CV 14-00485-PHX-SPL (LOA) |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Mesa, et al., | |
| Defendants. | |

On March 18, 2013, Plaintiff Jesse Gonzales, Jr., who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint in the Maricopa County Superior Court. On March 11, 2014, Defendants Ferrell, City of Mesa Police Department, Higgins, and Sherwood removed the action to this Court.

On April 7, 2014, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 6) and lodged a First Amended Complaint. The Court will grant the Motion for Leave to Amend, direct the Clerk of Court to file the First Amended Complaint, and dismiss the First Amended Complaint with leave to amend.

**I.       Removal to Federal Court**

Title 28 U.S.C. § 1441 authorizes removal of any civil action brought in the state court over which the federal district courts would have original jurisdiction. "Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Absent diversity of citizenship (not present here), federal question jurisdiction is required.

JDDL-K

Federal district courts have original jurisdiction over all civil actions arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331, including those actions where the plaintiff has requested a remedy under state law for an alleged violation of a federal substantive right. *Smith v. Kansas City Title & Trust*, 255 U.S. 180, 199 (1921).

Plaintiff claims violations of his constitutional rights and has not objected to removal. The Court finds removal was proper.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     First Amended Complaint**

In his four-count First Amended Complaint, Plaintiff names the following Defendants: Mesa Police Officers Ferrell, Savage, Higgins, and Sherwood; Supervisors J. Calkins, and J. Woodards; and Detective S. Van Coillie.

In Count One, Plaintiff claims his Fourth Amendment rights were violated when Defendants illegally searched a vehicle in which Plaintiff was a passenger during a traffic stop.

In Count Two, Plaintiff claims his Eighth Amendment rights were violated when Defendant Ferrell used excessive force on him during arrest.

In Count Three, Plaintiff alleges his Fourteenth Amendment rights were violated when he was wrongfully arrested for possessing a gun.

In Count Four, Plaintiff claims his Fourteenth Amendment rights were violated when he was subjected to malicious prosecution and false imprisonment.

Plaintiff seeks money damages.

. . . .

### IV. Failure to State a Claim

#### A. Count One, Three, and Four

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claims in Count One, Three, and Four directly challenge the validity of his conviction and Plaintiff has not alleged that his conviction has been reversed, expunged, or otherwise invalidated. Plaintiff's claims are therefore barred by *Heck* and will be dismissed.

#### B. Count Two

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime

1  that prompted the use of force, the threat posed by a suspect to the police or to others, and
2  whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

3        Plaintiff alleges that at the time of his arrest he had been recently released from the
4  hospital for treatment of gunshot wounds.  Plaintiff states that his ribs were shattered, his
5  spleen and lung were "stitched up inside and [he] had staples starting at his waist all the
6  way up to inches away from [his] sternum."  Plaintiff states that when Defendant Ferrell
7  told him to step out of the car, he showed Defendant Ferrell the staples and said that he
8  could not get out.  Defendant Ferrell allegedly replied that he "didn't care" and told
9  Plaintiff to get out of the vehicle and keep his hands up.  Plaintiff complied.  Defendant
10 Ferrell then conducted a pat-down search of Plaintiff.  Plaintiff states that Defendant
11 Ferrell "began slap patting me on my stomach and chest, during that I asked him to do it
12 a little lighter because it hurted with the force [he] was admitting."  Plaintiff states that he
13 was then handcuffed too tightly, behind his back, and was subjected to two further pat-
14 down searches.  Plaintiff also states in other claims that Defendants found two guns in the
15 possession of Plaintiff's friend who was driving the car.

16       Plaintiff's facts are simply insufficient to demonstrate that Defendant Ferrell's use
17 of force was not objectively reasonable.  Plaintiff has therefore failed to state a claim in
18 Count Two.

19 **V.     Leave to Amend**

20       For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed
21 for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff
22 may submit a second amended complaint to cure the deficiencies outlined above.  The
23 Clerk of Court will mail Plaintiff a court-approved form to use for filing a second
24 amended complaint.  If Plaintiff fails to use the court-approved form, the Court may
25 strike the second amended complaint and dismiss this action without further notice to
26 Plaintiff.

27       Plaintiff must clearly designate on the face of the document that it is the "Second
28 Amended Complaint."  The second amended complaint must be retyped or rewritten in

its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's April 7, 2014 Motion for Leave to Amend Complaint (Doc. 6) is **granted**; the Clerk of Court must file the First Amended Complaint.

(2) The First Amended Complaint is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 2nd day of July, 2014.

Honorable Steven P. Logan
United States District Judge